IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION, | No. C 03-03252 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT** |
| OLIVER HILSENRATH AND DAVID S. KLARMAN, | |
| Defendants. | |

In this SEC enforcement case, the SEC now applies for default judgment against Defendant Oliver Hilsenrath. This motion **DENIES** plaintiff's application for default judgment and **SETS ASIDE** the clerk's entry for default.

The Securities and Exchange Commission filed a complaint on July 14, 2003, against Mr. Hilsenrath and one other (who has since settled). On August 21, 2002, the clerk of the court issued a request to the State of Israel Directorate of Courts (the entity responsible for executing overseas service in Israel) to serve the summons, complaint and other documents upon Mr. Hilsenrath in Tel Aviv in accordance with the Hague Convention. On October 27, 2003, the Directorate of Courts issued a certificate indicating that service had been made on Mr. Hilsenrath on October 5, 2003. According to this service date, Mr. Hilsenrath's response to the summons and complaint was due on October 27, 2003. No answer was filed. On

1  November 18, 2003, the clerk of the court noticed an entry of default against Mr. Hilsenrath.
2  Now, more than a year-and-a-half later, the SEC moves to enter an order for default judgment.
3     Mr. Hilsenrath opposes the motion, contesting service. He states that he did not know
4  that the SEC had filed a complaint against him until November 2003, a month after the alleged
5  service. He alleges he came across the entry in the online docket while surfing the internet
6  (Decl. Hilsenrath ¶ 8). He alleges that as soon as he found out, he made continued efforts to
7  have the SEC properly serve him with its complaint. For example, he alleges that on
8  January 11, 2004, he wrote the SEC, alerting them to the fact that he had not been served with
9  any documents and provided them with two ways of serving him documents (*id.* Exh. D).
10    Mr. Hilsenrath points out that the service papers list the wrong address. His correct
11 address is Steimasky, Building 2, Apartment 42 but all the service documents, including the
12 request-for-service-abroad form and the delivery confirmation form, list his address as
13 Apartment 2. While the SEC supplied a sworn statement by an Israeli process server stating he
14 had placed a copy of the papers in the mail box after Mrs. Hilsenrath refused to accept the
15 papers, Mr. Hilsenrath denies that his wife ever spoke with anyone about refusing service
16 (although she has not given a sworn statement). In addition, Mr. Hilsenrath states that the
17 200-apartment complex in which he lives in Israel has high security and a visitor, such as a
18 process agent, could not have been buzzed in to access the mailbox without permission of a
19 resident.
20    The SEC urges that service was properly done, relying on the receipt of the certificate
21 from the State of Israel Directorate of Courts. The certificate was signed by Brian Zeitman, the
22 division director of Legal Assistance to Foreign Countries. Three months later, however,
23 Mr. Zeitman wrote to the District Court for the Northern District of California, indicating that
24 issues had been raised by Mr. Hilsenrath as to service. Mr. Zeitman offered to make another
25 attempt at serving Mr. Hilsenrath to eliminate those issues (Hilsenrath Decl. Exh. E). He did
26 not explicitly say that the prior service had been ineffective. The SEC, however, declined to do
27 so (Yun Decl. Exh. 12).
28                              *     *     *

Under FRCP 55(b)(2), a party can apply to a district court for entry of judgment by default. A default judgment, however, is not automatic. Whether to grant or deny default is entirely within the discretion of the court. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). The Ninth Circuit has set forth the following factors to consider in determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

This order finds that several of the *Eitel* factors warrant denial of default judgment. *First*, SEC seeks over one million dollars in restitution from Mr. Hilsenrath. *Second*, it is difficult for the Court to judge the merits of the defense because Mr. Hilsenrath does not set forth his defense, he does not do so allegedly because of the pendency of the federal criminal action against him. Experience teaches that there is a reasonable "possibility" that Mr. Hilsenrath will have at least plausible responses to the large restitution order sought by the SEC. *Third*, the entry of default appears to be due to excusable neglect. There is a reasonable possibility that the complaint was not properly served on the defendant. It may well have gone to the wrong address. While the SEC argues that the certificate issued by the Israeli Directorate of Courts established service upon Hilsenrath, the very Israeli government official who signed the certificate later wrote to this district court, months later, suggesting the documents be re-issued for another try. At that time, the SEC could have properly effected service by issuing the documents to the correct address but chose not to. Finally, while the Court acknowledges that Mr. Hilsenrath has contributed to the delay, cases should be decided upon their merits whenever reasonably possible. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Here, having now made a general appearance, Mr. Hilsenrath states he wishes to file an answer and to defend the instant civil action on the merits and he should have the opportunity to do so (Decl. Hilsenrath ¶ 13).

3

For the foregoing reason, this orders **DENIES** the SEC's application for a default judgment and **SETS ASIDE** the entry of default. A case management order will separately issue.

**IT IS SO ORDERED.**

Dated: June 24, 2005.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4