IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>  v.<br><br>OLIVER HILSENRATH, and DAVID S. KLARMAN,<br><br>        Defendants.<br>                                                        / | No. C 03-03252 WHA<br><br>**ORDER VACATING TRIAL; ORDER RE REMEDY-STAGE PROCEEDINGS** |

        A trial in this case is currently scheduled to begin January 26, 2009, and a pre-trial conference is scheduled for January 12, 2009. A May 2008 order granted summary judgment in plaintiff's favor on claims two through six, and an October 2008 order granted plaintiff's motion for voluntary dismissal of claim one (Dkt. Nos. 190). Plaintiff indicates that no liability issues remain to be decided in this case; the trial is therefore moot. The trial and pretrial conference are hereby **VACATED**.

        Discovery in this case was stayed pending the criminal case (Dkt. No. 87, 112). Defendant has since entered a guilty plea in the criminal case.

        The Commission now intends to file a motion seeking the imposition of remedies based on claims two through six. In recent case management statements, both sides requested further discovery but disagree regarding the scope of that discovery.

        The Commission indicates that it will not seek to prove additional misconduct or wrongful intent beyond that established by the summary judgment order and guilty plea; it

argues that the only unexplored fact question at this stage is whether Hilsenrath's status *today* supports the remedies the Commission seeks. It requests that discovery be reopened for thirty days for the limited purpose of deposing Hilsenrath. Defendant Hilsenrath (who is now acting *pro se*), in contrast, requests broad-based discovery, including depositions of eleven board members, depositions of the company's account executive and its outside accountant, and a subpoena for the minutes of a May 24–25, 2001, board meeting. Defendant also requests that he be excused from being deposed, citing a criminal investigation and ongoing freeze of assets in Switzerland and possibly elsewhere.

The recent case management statements provide an inadequate basis by which to determine the proper scope of any further discovery which may be needed for the remedies phase. The issue, therefore, will be briefed on the following truncated schedule. By **JANUARY 16, 2009**, both sides should submit initial briefs (no greater than five pages) formally requesting the additional discovery they seek. The Commission's filing should explain, along with any other pertinent information, the specific authority under which it intends to seek remedies and the reasons further discovery is necessary for the remedies motion. Defendant, in turn, should also detail the discovery he seeks and the manner in which that discovery relates to the issue of *remedies* in particular. Defendant should be cognizant that the *liability* issues which were settled in the summary judgment order and/or criminal proceedings will not be re-opened on the basis of a pending remedies motion; defendant must establish a need for the further discovery given the current stage of the litigation. Moreover, if defendant intends to object to being deposed on the basis of overseas criminal proceedings, defendant must explain, in detail, the nature of those overseas proceedings and the legal authority establishing those proceedings as a basis for him to avoid being deposed. By **JANUARY 23, 2009**, each side may submit a briefing (again no greater five pages) responding to the requests and arguments of the other side.

**IT IS SO ORDERED.**

Dated: January 9, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE