IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>OLIVER HILSENRATH, and DAVID S. KLARMAN,<br><br>  Defendants.<br>_____ / | No. C 03-03252 WHA<br><br>**ORDER PERMITTING LIMITED DISCOVERY FOR REMEDY-STAGE PROCEEDINGS** |

A May 2008 order granted summary judgment in plaintiff's favor on claims two through six, and an October 2008 order granted plaintiff's motion for voluntary dismissal of claim one (Dkt. Nos. 190). In subsequent case management statements, the Commission indicated that it now intends to file a motion for remedies based on claims two through six. Before so doing, however, it requested that discovery be reopened for thirty days for the limited purpose of deposing defendant Hilsenrath. Discovery in this case had been stayed pending the criminal case, but defendant has since entered a guilty plea in the criminal case. Defendant Hilsenrath (who is now acting *pro se*), in contrast, requested permission to conduct broad-based discovery. Briefing on the subject was invited.

Defendant now indicates that he wishes to expedite the proceedings and therefore will call no witnesses nor present evidence that was not otherwise available. The Commission indicates that it intends to seek civil monetary penalties under 15 U.S.C. 78u(d)(3)(A), a permanent injunction prohibiting further statutory violations pursuant to 15 U.S.C. 78u(d), (e),

and an officer and director bar under 15 U.S.C. 78u(d)(2). It indicates that a short deposition of defendant would aid assessment of the propriety of such penalties.

Section 78u(d)(1) permits the Commission to seek an injunction for violations of the securities laws where the defendant "is engaged or is about to engage in acts or practices constituting" a violation of securities laws, and "upon a *proper showing* a permanent or temporary injunction or restraining order *shall* be granted without bond." As the Ninth Circuit has explained, "[t]o obtain a permanent injunction, the SEC had the burden of showing there was a reasonable likelihood of future violations of the securities laws." *S.E.C. v. Fehn*, 97 F.3d 1276, 1295 (9th Cir. 1996). When assessing the likelihood of future violations, courts assess "the totality of the circumstances surrounding the defendant and his violations," including "such factors as (1) the degree of scienter involved; (2) the isolated or recurrent nature of the infraction; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the likelihood, because of defendant's professional occupation, that future violations might occur; (5) and the sincerity of his assurances against future violations." *Id*. at 1295–96.

The Commission contends that a limited deposition of defendant would be useful to assess, *inter alia*, the latter three factors. For example, it explains, a deposition would allow the Commission to inquire whether defendant is currently employed or seeking employment with a company that has, or is seeking, outside investors that might be publicly traded.

Good cause having been shown, discovery will be reopened for **THIRTY DAYS** for the limited purpose of deposing defendant Hilsenrath regarding such penalty-phase issues. The Commission should thereafter file its motion for the imposition of penalties no later than **MARCH 26, 2009**.

**IT IS SO ORDERED.**

Dated: February 12, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2